IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 4:17-cr-00278-1 |
| | ) |
| Curel Taylor Reilly, | ) |
| Defendant. | ) |

## O R D E R

Defendant Reilly has filed a "Motion to United States Attorney to Consent to Sentence Reduction Pursuant to Federal Civil Procedure 60(b)." (Doc. 21). Specifically, Defendant requests that the United States Attorney's Office consent to a sentence reduction of two points for the "safety valve" provisions found at U.S.S.G. § 5C1.2, and that the Court re-sentence her to "one year and one day of imprisonment."

Defendant is serving a 24-month custodial sentence imposed by the Court following Defendant's plea of guilty to structuring transactions to evade reporting requirement, in violation of 31 U.S.C. § 5324(a)(3). The imposed sentence was a downward variance from the advisory guideline range of 30 to 37 months that the Court adopted at sentencing.

As an initial matter, Defendant is no more eligible for a two-point downward adjustment pursuant to the Guidelines' "safety valve" provision now than she was at the time of sentencing. Only defendants convicted of certain Title 21 offenses may be considered for the safety valve adjustment; again, Defendant was convicted of a Title 31 offense.

REILLY, Curel Taylor
Order on Motion - Page 2

Pursuant to 18 U.S.C. § 3582(c), the Court may modify an imposed term of imprisonment in only a few, limited circumstances: 1) Upon motion of the Director of the Bureau of Prisons or the defendant (upon exhaustion of all administrative rights of appeal to the Bureau of Prisons for failure to bring its own motion) if extraordinary and compelling reasons warrant such a reduction, or if the defendant is at least 70 years old, has served at least 30 years in prison for a violent offense, and is no longer considered a danger to others; 2) upon the Government's filing of a Rule 35 motion or as otherwise expressly permitted by statute; or 3) if the defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

None of the narrow circumstances set forth above are present in Defendant's case. As such, there is no legal basis for the sentence reduction Defendant seeks.

Defendant does not qualify for a sentence reduction pursuant to 18 U.S.C. § 3582(c), and her Motion is **DENIED**.

SO ORDERED this 1ST day of APRIL 2019.

_____
WILLIAM T. MOORE, JR.
JUDGE, U.S. DISTRICT COURT